# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. : 05-0210 (RMU)** |
| | : | |
| **AISSATOU PITA BARRY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed.R.Crim.P. 32.2, for a Preliminary Order of Forfeiture with respect to the property listed in the Forfeiture Allegation of the Information to which defendant Aissatou Pita Barry is scheduled to plead guilty on September 12, 2005.  In anticipation of her guilty plea, a proposed Preliminary Order of Forfeiture is submitted with this motion.

On May 31, 2005, the government filed a one-count Information alleging that defendant Barry had committed the offense of operating an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960, and alleging forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), of any property involved in, or traceable to property involved in, defendant Barry's operation of that unlicensed money transmitting business.  Although the Forfeiture Allegation alleged the forfeiture of any property involved in the offense, it specifically identified the following property for forfeiture:

Currency/Funds:

(a)     $26,554.00 in U.S. currency seized, on November 15, 2004, from the office of Guinex International, located at xxxxxxxxxxxxxxxxxxxxxxxx, Washington, D.C.;

(b)     $10,016.00 in funds seized, on November 22, 2004, from Suntrust Bank account #xxxxxxxxx1207, held in the name of Guinex International;

(c)     $109,648.00 in funds seized, on November 23, 2004, from Chevy Chase Bank account #xxxxx6751, held in the name of Guinex International;

(d)     $220 in funds seized, on November 23, 2004, from Suntrust Bank account #xxxxxxxxxx1207, held in the name of Guinex International;

(e)     $11,036.00 in funds seized, on November 27, 2004 from Bank One account #xxxxx0992, held in the name of Guinex International;

(f)     $66,153.00 in funds seized, on December 1, 2004, from Chevy Chase Bank account #xxx-xxx4369; and

(g)     $50,000.00 in funds seized on May 18, 2005, from Great American Insurance Company, xxxxxxxxxx, Cincinnati, Ohio 45202, held as security for bond number xxx8945, effective April 29, 2003, in the name of Guinex International, Inc.

On September 12, 2005, defendant Barry is scheduled to plead guilty to the Information, thus admitting that between October 26, 2001, and November 15, 2004, she operated Guinex International, Inc., an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.  In connection with her plea, defendant Barry also will acknowledge that the requisite nexus exists between the above-described property and the offense of operating an unlicensed money transmitting business, making the above-described property subject to forfeiture

pursuant to Title 18, United States Code, Section 982(a)(1).

In light of these admissions of guilt and nexus of the property subject to forfeiture, we submit that forfeiture is now mandatory. *See United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applies . . ."); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a *mandatory* element of sentencing") (emphasis in original); *United States v. Corrado*, 227 F.3d 543, 552 (6th Cir. 2000) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order of forfeiture of "sufficiently quantifiable" proceeds of RICO offense); *United States v. Johnston*, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).

Rules 32.2(b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide, in pertinent part, that:

> (1) As soon as practicable after . . . accepting a plea of guilty . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . . The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in

> identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing -- or at any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. . . .

Thus, Rule 32.2(b)(1) and (2) require the entry of a Preliminary Order of Forfeiture after the Court has determined what property is subject to forfeiture. Based upon the evidence set forth in the government's plea proffer and defendant Barry's anticipated acceptance of that proffer, we submit that following the defendant's plea, the United States will have established the requisite nexus between the property listed above and the offense of operating an unlicensed money transmitting business. Accordingly, that property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 18, United States Code, Section 982(a)(1), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of the Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than defendant Barry, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on the government within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent

practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in the Forfeiture Allegation of the Information and order the United States Marshals Service to seize and maintain custody of the forfeited property and dispose of it in accordance with applicable law.

Respectfully submitted,

KENNETH L. WAINSTEIN  (DC Bar #451058)
United States Attorney


By: _____
   ANGELA SCHMIDT (Texas Bar #17764980)
   LINDA OTANI McKINNEY  (DC Bar #416548)
   Assistant United States Attorneys
   United States Attorney's Office
   Criminal Division
   555 Fourth Street, N.W.
   Washington, D.C.  20530
   (202) 514-7273

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing Government's Motion for Order of Forfeiture and Preliminary Order of Forfeiture was sent by facsimile and by mail, postage prepaid to counsel for defendant, Richard Finci, Esq., 7850 Walker Drive, Suite 160, Greenbelt, MD  20770, on this _____ day of September 2005.

_____
LINDA OTANI McKINNEY
Assistant United States Attorney