# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: 05-0210 (RMU) |
| v. | : |
| AISSATOU PITA BARRY. | : |
| Defendant. | : |

FILED

SEP 12 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL PROFFER
## IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that between on or about October 26, 2001, and November 15, 2004, Aissatou Pita Barry, (hereafter "defendant"), committed the offense of operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960.

On August 16, 1999, defendant incorporated Guinex International, Inc., (hereinafter "Guinex") in the District of Columbia with the stated purpose of transmitting money from the United States for delivery to various parts of the world. Defendant is the President and sole owner of Guinex. From August 1999 to November 2004, Guinex maintained an office at 6856 Eastern Avenue, N.W., Washington, D.C.

Defendant has played an active role in the day-to-day operation of the business since its inception. In addition, as of November 2004, defendant employed two others to assist in the operation of the business.

Since its inception, Guinex has conducted transactions on behalf of approximately 5000 customers. Between October 26, 2001, and November 15, 2004, Guinex conducted over 65,000 transactions for its customers. During this time period, Guinex received deposits from its customers in the form of cash, personal and traveler's checks, money orders and wire transfers, totaling over $17,000,000. Guinex in turn transferred over $15,500,000, via wires to various international locations, including Guinea, Gambia, Senegal, Sierra Leone, Hong Kong, Singapore, China, the United Arab Emirates, Turkey, India, England and France, for further distribution to individuals who had been designated by Guinex's customers in the United States. Guinex generally charged a fee for its services of 10% of the total amount of money transferred. Defendant and other Guinex employees accepted cash and other deposits from customers at Guinex's office. Defendant and other Guinex employees also provided customers with the numbers of various bank accounts controlled by defendant and Guinex instructed customers that they could make deposits directly into those accounts. Defendant and other Guinex employees did not ask customers to provide any information about the source of the monies they were transmitting

As of July 18, 2000, District of Columbia law provided that "no person shall engage in the business of money transmission without obtaining a license." 26 D.C. Code § 1002(a). Violators of this provision are subject to a criminal penalty of up to five years imprisonment, a fine of up to $25,000, or both. 26 D.C. Code § 1023(c). Neither defendant nor Guinex obtained a license to operate a money transmission business in the District of Columbia at any time between October 26, 2001, and November 15, 2004. On June 6, 2003, defendant submitted an application for a money transmitter license with the D.C. Department of Banking and Financial Institutions, which application included, among other items, a $500 application fee and a $50,000 security bond. However, defendant never received the license, and defendant continued to operate her money transmitting business without a license until her arrest on November 15, 2004.

Under federal law, "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury...." 31 U.S.C § 5330(a). Defendant did not register Guinex with the Secretary of the Treasury at any time between October 26, 2001, and November 15, 2004.

In an interview conducted on November 15, 2004, defendant admitted that she has operated a money transmitting business in the District of Columbia since 1999. Defendant also stated that she had applied for a money transmitter license in the

District of Columbia, but did not receive the license. Defendant stated that when she last called to check on the status of her application, she was told that the Licensing Board had lost her application and that she would have to submit another one. Defendant said that no one from the Licensing Board told her that she could operate her business without the license. Defendant also said that no one from the Licensing Board told her to stop operating her business until she received the license. Defendant stated that she did not know she needed a federal license and never had applied for one.

Defendant stated that most, though not all, of her customers are people she sees in the community. Defendant obtains phone numbers and addresses from her customers, but she does not ask them to provide any form of identification. Defendant stated that she was not familiar with the various forms used to report currency transactions or suspicious activity.

Defendant acknowledges that the following property is property involved in, or is traceable to property involved in, her operation of Guinex International, Inc., as an unlicensed money transmitting business:

> Currency/Funds:
>
> (a)   $26,554.00 in U.S. currency seized, on November 15, 2004, from the office of Guinex International, located at 6856 Eastern Avenue, #209, N.W., Washington, D.C.;
>
> (b)   $10,016.00 in funds seized, on November 22, 2004, from Suntrust Bank account #1000013521207, held in the name of Guinex International;

4

 (c) $109,648.00 in funds seized, on November 23, 2004, from Chevy Chase Bank account #94376751, held in the name of Guinex International;

 (d) $220 in funds seized, on November 23, 2004, from Suntrust Bank account #1000013521207, held in the name of Guinex International;

 (e) $11,036.00 in funds seized, on November 27, 2004 from Bank One account #63 1150992, held in the name of Guinex International;

 (f) $66,153.00 in funds seized, on December 1, 2004, from Chevy Chase Bank account #007-2124369; and

 (g) $50,000.00 in funds seized on May 18, 2005, from Great American Insurance Company, 580 Walnut Street, Cincinnati, Ohio 45202, held as security for bond number, 5448945, effective April 29, 2003, in the name of Guinex International, Inc.

*Angela Schmidt*
ANGELA G. SCHMIDT
Assistant United States Attorney
Texas Bar No. 17764980
Transnational/Major Crimes Sectio
555 4th Street, N.W., 11th Floor
Washington, D.C. 20530
(202) 514-7273
Angela.Schmidt@usdoj.gov

## Defendant's Acceptance

I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I, am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

9/12/05
Date

Aissatou Pita Barry

## Defense Counsel's Acknowledgment

I am Aissatou Pita Barry's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with her. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia. However, defendant reserves the right to present additional facts at sentencing in support of any sentencing and forfeiture issues.

9/12/05
Date

Richard Finci, Esq.