UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 05-0210 (RMU) |
| AISSATOU PITA BARRY | : | |
| Defendant | : | |

**DEFENDANT'S RESPONSE TO NEWLY RAISED ISSUES
CONTAINED IN GOVERNMENT'S REPLY TO DEFENDANT'S
MEMORANDUM REGARDING BURDEN OF PROOF AT SENTENCING**

The Government has filed a Reply to Defendant's Memorandum Regarding Burden of Proof at Sentencing which raises new issues not addressed in the Government's initial Memorandum. In it's Reply, the Government attacks Defendant's contention that after *Booker*, the burden of proof with regard to the Safe Harbor provision of U.S.S.G. §2s1.3(b)(3) at issue in the case sub judice is unimportant and in the process tacitly asks the court to adopt certain post-*Booker* sentencing procedures. For its argument, the Government relies, on a series of 2nd Circuit decisions establishing a framework and procedure for post-*Booker* sentencing in that Circuit and which the Government apparently believes should now be adopted in this Circuit. This Response addresses those arguments and corrects the very selective reading of the 2nd Circuit case law upon which the Government's argument is founded.

The Government has principally relied upon the 2nd Circuit's opinion in *United States v. Crosby*, 397 F 3d 103 (2nd Cir., 2005) for its argument that *Booker* did not change the law with respect to guidelines application issues and that they should

1

"normally …be determined in the same manner as before *Booker/Fanfan*." Id at 112. The Government, however, failed to include other observations in this very same opinion as to Guideline application issues:

> In one circumstance, however, precise calculation of the applicable Guidelines range may not be necessary. Now ***that the duty to apply the applicable Guidelines range is not mandatory***, situations may arise where either of two Guidelines ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with *section 3553(a)*, makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies. ***This leeway should be useful to sentencing judges in some cases to avoid the need to resolve all of the factual issues necessary to make precise determinations of some complicated matters***, for example, determination of monetary loss. Similarly, close questions may sometimes arise as to the precise meaning or application of a policy statement authorizing a departure, and a judge who has considered policy statements concerning departures need not definitively resolve such questions if the judge has fairly decided to impose a non-Guidelines sentence.

Id at 112. (*Emphasis added.*)

The guideline application issue in the case *sub judice* is the exact sort of complex factual issue which the 2nd Circuit itself has recognized may no longer require precise determination. In a sentencing regime mandating that the court determine a reasonable sentence, where the application of the Safe Harbor calls for a sentence in the probation range and non-application calls for somewhere around 4 years, the reasonableness standard requires that the evidence presented determine where the sentence should fall and not rigid guideline application principles which controlled guideline issues under the now overturned mandatory regime.

2

It is further evident from this Circuit's decision in <u>United States v. Coles</u>, 403 F 3d 764 (D.C. Cir., 2005), that this court is only limited by the statutory range for the offense of conviction.  This court must treat the guidelines as "advisory and "and so long as the sentence was within the prescribed statutory range and otherwise reasonable," it will be upheld on appeal. <u>Id.</u> At 769-70.   As noted in Defendant's original Memorandum, Judge Henderson went further in her concurring opinion in <u>United States v. Price</u>, 409 F 3d 436 (2005), recognizing that "the practical difference between the duty to consult the Guidelines and the duty to apply them under the "reasonableness" standard of review will emerge only on a case-by-case basis." <u>Id.</u> at 446.

Judge Henderson also agreed with the observation in <u>Crosby</u>, <u>supra</u>, that "the duty to consult the Guidelines neither reduces them to 'a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge' …nor maintains *de facto* the mandatory sentencing regime declared unconstitutional in <u>Booker</u>…" <u>Price</u>, <u>supra</u> at 446 (citing <u>Crosby</u>, *supra* at 113).    Price's majority holding, which is the focal point of the Government's Reply Memorandum, that "when the District Court purports to apply the Guidelines it must do so without error" was an undisputable statement of the fundamental principle that an appellate court will not uphold clear legal error made by the sentencing court in the application of the Guidelines.  Moreover, the observation **was made in overturning Price's pre-*Booker* sentence under the mandatory regime** with the court specifically noting that "because we remand the case in light of errors made by the District Court in applying the Sentencing Guidelines, we need not

decide whether a remand is required under *United States v. Coles*, [*supra*](setting forth principles governing the application of plain-error doctrine to appeals of pre-*Booker* sentences)." *Price*, *supra* at 443.

Contrary to the Government's contention, the Defendant does dispute that she would have had the burden of proof to show the application of the Safe Harbor to her case under the pre-*Booker* guideline application case law.  This Circuit has never decided that issue and case law around the country considering the issue is sparse to say the least.  Due Process is surely offended where the burden of proof is shifted to the Defendant to essentially show that she is not involved in substantive criminal conduct, particularly where there is such a wide disparity in her sentence at stake.  Moreover, the issue here is not "very similar", as the Government suggests, to the argument raised and rejected by the Defendant in *United States v. Barrero*, 425 F. 3d 154 (2nd Cir. 2005).  *Barrero* contended that under *Booker*, his sentencing Judge was free to ignore the criminal history calculation in such a manner that he would then be able to sentence the Defendant to less than the statutory mandatory minimum by applying the "safety valve" provision.

It is difficult to fully understand the Government's vehement opposition to the adoption of such a practical and abundantly fair approach to this very complex factual issue.  Regardless of the court's ruling on the Burden of Proof Issue, the evidentiary Sentencing hearing on the Safe Harbor will still involve both sides presenting evidence concerning the business practices of Guinex and of the Defendant's behavior while owning and operating the business.  Since the Defendant's sentence must be reasonable, as even the Government acknowledges, and since the contested aspects

4

of this case have always focused on the issue of the Defendant's punitive culpability--meaning what would be a fair sentence in a case like this—there is no more logical means to resolve this issue in this case than that suggested by Defendant.

                Respectfully submitted,

                RICHARD A. FINCI,#389841
                HOULON, BERMAN, BERGMAN, FINCI
                 AND LEVENSTEIN, LLC
                7850 Walker Drive, Suite 160
                Greenbelt, Maryland 20770
                (301) 459-8200
                e-mail: finci@houlonberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ____ day of _____, 2005, I mailed, postage prepaid, a copy of the foregoing Defendant's Response to Newly Raised Issues contained in Government's Reply to Defendant's Memorandum Regarding Burden of Proof At Sentencing:

Angela G. Schmidt, Esquire
Assistant United State's Attorney
for the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001

                RICHARD A. FINCI,#389841

5