UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :   Criminal Action No.: 05-210 (RMU)
                                  :
AISSATOU PITA BARRY,              :
                                  :
        Defendant.                :

**MEMORANDUM ORDER**

FILED
DEC 1 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DIRECTING THE DEFENDANT TO INCORPORATE ANY
ARGUMENTS REGARDING SENTENCE REDUCTIONS
UNDER THE SENTENCING GUIDELINES

## I. INTRODUCTION

On September 12, 2005, the defendant pled guilty to violating 18 U.S.C. § 1960, which prohibits unlicensed money transmitting businesses.[1] The parties dispute whether, under the Sentencing Guidelines, the defendant or the government bears the burden of proof with regard to section 2S1.3 of the Sentencing Guidelines. That provision provides for a 6 level decrease if, *inter alia*, (1) the defendant did not "act with reckless disregard of the source of the funds," (2) "the funds were the proceeds of lawful activity," and (3) "the funds were to be used for a lawful purpose." USSG § 2S1.3 (2004 ed.). After considering the parties' briefs and reviewing the applicable case law, the court rules that the defendant bears the burden of proof for reductions under the Sentencing Guidelines. For this reason, the court directs the defendant to incorporate any such arguments, if she desires, into a sentencing memorandum for the court's consideration.

---

[1] "Whoever conducts, controls, manages, supervises, directs, or owns all or part of a business, knowing the business is an illegal money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." 18 U.S.C. § 1960(a).

## II. ANALYSIS

The government argues that the defendant bears the burden of demonstrating that a reduction under the Sentencing Guidelines is warranted, much the same as the government bears the burden when it seeks an enhancement. Government's Mem. Regarding Burden of Proof at Sentencing at 3-4. The court agrees.

In *United States v. Burke*, the D.C. Circuit determined that the government bears the burden of proof in seeking enhancements under the Guidelines and the defendant bears the burden when it seeks reductions. *United States v. Burke*, 888 F.2d 862, 869 (D.C. Cir. 1989) (stating that "[t]he defendant properly bears the burden of proof under those sections of the Guidelines that define mitigating factors"). In *Burke*, the D.C. Circuit expressly adopted the view of the eleventh circuit that the party seeking the enhancement or reduction bears the burden of proving the applicability of the Guideline provision by a preponderance of the evidence. *Id.* (citing *United States v. Wilson*, 884 F.2d 1355, 1357 (11th Cir. 1989)).

The defendant's position that she does not bear the burden of demonstrating the applicability of a sentence reduction, is based on her reading of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). According to the defendant, "[i]n a post-*Booker* sentencing regime, the court must consult the guidelines, of course, but must do so by taking into account the nature of the issue at hand . . . on a case-by-case basis and to apply them in light of the reasonableness standard." Def.'s Mem. Regarding Burden of Proof at Sentencing at 7. Because the defendant in this case may qualify for a Safe Harbor provision in the Sentencing Guidelines, the defendant urges the court to forgo a precise determination and instead employ some type of generalized reasonableness assessment. Def.'s Resp. at 2. The defendant's position

is based on its reading of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). In *Crosby*, the court noted that "[n]ow that the duty to apply the applicable Guidelines range is not mandatory, situations may arise where either of two Guideline ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies." *Crosby*, 397 F.3d at 112. The court continued, stating that "[t]his leeway should be useful to sentencing judges in some cases to avoid the need to resolve all of the factual issues necessary to make precise determinations of some complicated matters[.]" *Crosby*, 397 F.3d at 112.

The holding in *Crosby* demonstrates that because the court is not bound by the Sentencing Guidelines, it may be reasonable to avoid complicated factual and legal rulings if the court has already determined that under 18 U.S.C. § 3553(a), a departure from the Guidelines is warranted. Here, however, the defendant is asking this court to take *Crosby* a step further. What the defendant asks is that the court bypass a precise determination as to the Guideline recommendations for a more holistic reasonableness approach. But, the court has not yet determined whether a sentence within the Guideline range is appropriate. Indeed, it is difficult to conceive of an instance in which the court could conclude that a Guideline range is inappropriate

without first ascertaining the contours of that Guideline recommendation.[2]

The court is obligated to consult the Sentencing Guidelines. *Booker*, 125 S. Ct. at 745. It is axiomatic that for the court to adequately consult the Guidelines it must first determine what Guideline provisions apply to the defendant. *Id.* (stating that the "duty to consult the Guidelines [does not] reduce[] them to 'a body of casual advise to be consulted or overlooked at the whim of a sentencing judge'") (quoting *Crosby*, 397 F.3d 103, 113 (2d Cir. 2005)). Once the court has ascertained precisely what the Sentencing Guidelines recommend, the court will then determine whether the recommended sentence is appropriate given the factors outlined in 18 U.S.C. § 3553(a). *Id.* (stating that "the district court must consider the criteria set forth in 18 U.S.C. § 3553(a), including the Guidelines sentencing range established for the applicable category of offense committed by the applicable category of defendant as well as policy statements of the Sentencing Commission").

In short, while the defendant is correct that in the post-*Booker* world the court is not required to follow the Sentencing Guidelines, the court rejects the defendant's position that the court's obligation to consider the Guidelines is a license for an imprecise consultation through a

---

[2] The defendant also cites Judge Henderson's concurring opinion in *United States v. Price*, 409 F.3d 436 (D.C. Cir. 2005) to support her position. In *Price*, Judge Henderson, concurring with the court, stated that "the practical difference between the duty to consult the Guidelines and the duty to apply them means under the 'reasonableness' standard of review will emerge on a case by case basis." *Price*, 408 F.3d at 446 (Henderson, J., concurring). The defendant's position is not persuasive. Assuming *arguendo* that Judge Henderson's concurrence in *Price* was binding circuit precedent, her opinion does not suggest that the district court abandon a precise formulation under the Guidelines for a more holistic approach based solely on reasonableness. Rather, Judge Henderson's concurring opinion highlights the difficulties in distinguishing between a consultation of the Guidelines and an application of them.

general holistic reasonableness approach. To the contrary, to consult the Guideline recommendation, the court must first determine precisely the nature of the sentencing recommendation. In this exercise, the party seeking enhancement or reduction bears the burden of proof. *Burke*, 888 F.3d at 869. Here, if the defendant seeks reduction under USSG § 2S1.3(b)(3), she bears that burden.

### III. CONCLUSION

For the foregoing reasons, the court, this 15th day of December, 2005, directs the defendant to incorporate arguments regarding the applicability of a Sentencing Guideline provision into a sentencing memorandum for the court, if she would like the court to consider that provision.

*Ricardo M. Urbina*
Ricardo M. Urbina
United States District Judge