UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

v.                              :        Criminal No. 05-0210 (RMU)

AISSATOU PITA BARRY             :

Defendant                       :

### DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

The Government has filed a Supplemental Memorandum in Aid of Sentencing to address Defendant's 8th Amendment Excessive Fines argument. Defendant's substantive reply will be brief as the argument put forth by the Government are not new. The very same points discussed in the Government's Supplemental Memorandum have been at the heart of the communications and negotiations between counsel from the very first day undersigned counsel became involved in this case. The Government has consistently sensationalized what it perceived to be the severe gravity of Defendant's conduct and yet, to this day, continues to be unable or unwilling to provide evidence of any direct or related substantive criminal conduct.1

The Government now repeats these arguments, now for the purposes of maximizing the forfeitures it seeks. But the Government relies upon case law simply inapplicable to the case sub judice. For example, the Government cites United States

---

1 In its Supplemental Memorandum, the Government describes the Defendant's offense as "grave, and the magnitude of the unrealized or unknown risk of harm that her operation posed to the integrity of the financial systems in the United States was substantial." See Supplemental Memo. @ pg. 5.

1

v. Bentancourt, 422 F.3d 240 (5th Cir., 2005) to support its argument that the "proceeds" of Guinex International must be forfeited as such without regard to the 8th Amendment considerations and United States v. Bajakajian, 524 U.S. 321 (1998). However, the Government fails to address the fact that Bentancourt is decided under 21 U.S.C. §853(a) which mandates the forfeiture in drug cases of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violations;. . ." The other cases cited by the Government for its proposition are similarly inapplicable.

In the case at bar, the forfeitures which the Government seeks are instead based upon 18 U.S.C. §982(a)(1) which directs the Court to "order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." Bajakjian has clearly characterized this form of forfeiture as punishment to which the 8th Amendment and proportionality applies, distinctly different in character from §853 forfeitures designed to prevent drug dealers from retaining ill gotten gains derived from drug dealing under the traditional instrumentality theory of forfeitures. Cases decided under these separate and distinct statutory and theoretical authorities are not comparable.

Defendant has fully addressed the excessive fines issue in her original Sentencing Memorandum and will not repeat those arguments. However, Defendant does agree with the Government's argument and the case law authority cited in support thereof to the effect that this Court may order forfeiture of some amount less than all of the seized currency. See Supplemental Memo @ pg 8. Frankly, Defendant has always expected and anticipated that the Court would exercise its authority to do just that. It

has always been anticipated that the Court would hear the facts and analyze the proportionality of the forfeitures applying 8th Amendment standards. It is, in fact, this sort of consideration which the Defendant has always sought, but has never obtained from the Government in this case.

                                                Respectfully submitted,

                                                RICHARD A. FINCI, #389841
                                                HOULON, BERMAN, BERGMAN, FINCI
                                                 AND LEVENSTEIN, LLC
                                                7850 Walker Drive, Suite 160
                                                Greenbelt, Maryland 20770
                                                (301) 459-8200
                                                e-mail: finci@houlonberman.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of Aug, 2006, I mailed, postage prepaid, a copy of the foregoing Defendant's Reply to Government's Supplemental Memorandum in Aid of Sentencing to:

Angela G. Schmidt, Esquire
Assistant United State's Attorney
for the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001

                                                RICHARD A. FINCI, #389841